12-24 Midland Cogeneration Venture Limited Partnership Petitioner v. FEDERAL ENERGY RESERVATORY COMMISSION Mr. Coffin for the petitioner, Ms. Larson for the respondent, Mr. Staffier for the intervenors. Midland has set forth three independent grounds why FERC erred in ordering Midland to pay the property taxes and operating maintenance expenses on property that was owned by Michigan Electric, which I'll refer to as METC. In a minute, I'll turn to FERC's argument that METC is looking to the wrong party for payment for these charges. But first I'd like to address the breach of the anti-assignment provision of the facilities agreement. Because if you agree with us that consumers improperly delegated the students to METC, which is a violation of the anti-assignment provision, then METC's claim, which holds- We spend a little more time on the jurisdictional question before we get to that. Well, there's three aspects to it, Your Honor. Two of which I believe are readily answered. As far as the enforceability of the contracts, FERC has agreed there's jurisdiction, and there's a good reason why FERC has agreed there's jurisdiction, because FERC actually addressed enforceability in its clarification order and on rehearing that order. So it's an issue- Well, that alone doesn't get us jurisdiction unless they didn't decide those questions earlier. They decide those questions earlier and thus just reaffirmed what they said before, then we don't have jurisdiction. Well, Your Honor, they did not address it before. They addressed it for the first time in the- Well, the Commission says they did address it before. Not- You just didn't understand that they had addressed it. No, no, no. That's METC's argument, Your Honor. Huh? The agency's argument is yes, there is jurisdiction to consider the enforceability of the facilities agreement and the agency agreement. And the reason for that is well founded, which is that the agency did not address that specific issue until the facilities order- the facilities agreement clarification order and then on rehearing of that order, in which case they addressed it in both orders. It's been ruled on by FERC for the first time and then properly presented to this court for review. Now, as far as the anti-assignment provision, both FERC and METC do challenge jurisdiction on that. But again, it's not well founded because FERC is looking at the wrong order. In the agency, they say, well, it should have been tested in the agency agreement. But if you look at the facilities order, facilities agreement clarification order, and in the other order on rehearing, FERC- excuse me, the- there's three orders, three dockets. That is the declaratory petition order. FERC specifically addressed the anti-assignment provision. Midland sought rehearing of that issue, particularly FERC's ruling that there was an anti-assignment provision. FERC ruled on that in the omnibus rehearing order. We challenged- we sought review of that specific issue. It's inappropriate for FERC at this juncture to say, oh, you appealed the wrong order. Because they addressed the issue in the docket that they said they were going to address. Keep in mind that in the agency agreement order, FERC said it would address the other challenges to whether Nancy had the right to payment in the declaratory petition order, which is indeed what, in fact, FERC did. Are you separately challenging the agency order? You're challenging that, right? Yes, Your Honor. So your client, Midland, you're not a party to the agency agreement, right? That is correct. And the commission ordered Midland to pay under the facilities agreement, right? That is correct. They didn't order- so why do you have standing? How are you in any way harmed? In other words, even if we agreed the agency order was something wrong, how would it affect Midland? Well, we could- two ways, Your Honor. First of all, FERC said that the rates that Nancy's trying to collect here- The what? FERC said that the rates- Oh, the rates, yeah. The rates that Nancy's trying to collect were established by the facilities agreement. Right, not the agency agreement. Right, and our agreement, our position is that's not appropriate because one utility cannot incorporate by reference the rates of another. No, you're missing my point. I don't understand why the agency agreement to which Midland is not a party and under which Midland was not ordered to pay anything, why Midland has any interest in that. That would give it- Because that agreement- Why you're injured by it. Because that agreement represented a violation of the anti-assignment provision of the facilities agreement. Oh, okay. That's your best answer? Yes, Your Honor, but keep in mind that the defenses were raised as far as the anti-assignment provision were addressed by FERC not in the agency agreement order, but rather were addressed by it in two separate orders. That is, the facilities agreement clarification order and the declaratory petition order. So, FERC did reach the issue, FERC did rule on it, it was then raised under re-hearing, FERC addressed the issue as far as the anti-assignment provision and the enforceability of the contract. The agency agreement really is only relevant here insofar as we're contesting FERC's conclusion that Nancy's rates were set by the facilities agreement. Even if you agree with FERC on that issue, you still have the other issues as far as the anti-assignment provision, which of course is a provision of the facilities agreement, and the enforceability, which FERC didn't address in the agency agreement order, but rather in the other two orders. Now, turning back, if I could, Your Honor, to the anti-assignment issue. As I said, FERC addressed the issue in its declaratory petition order and in the clarification order. Both cases addressing whether, first of all, they had one order that Midland was not appropriate, that Midland had waived the right to complain because it hadn't sued the consumers. Midland sought re-hearing of that particular issue, and it was addressed by FERC in the omnibus re-hearing order. FERC then also said in the re-hearing order, basically raised two particular defenses. One was that consumers had retained some certain duties under the facilities agreement, and also that the facilities agreement contemplated that consumers could We took on both propositions in our appeals brief to this Court. FERC did not defend on the basis of the grounds it set forth in the order before the agency. FERC instead came up with a new argument, which is, oh, there's no jurisdiction to consider this argument. But that's not the ground that was advanced by FERC in this omnibus re-hearing order. FERC essentially has come up with a new ground in the appeal, which this Court specifically rejects. This Court has been categorical that the agency has to ride or fall on the specific grounds that it set forth in the order on the re-hearing. And in this case, FERC has abandoned those arguments, has made no effort to defend them whatsoever, and instead has relied on the defense that there's no jurisdiction to consider them. Again, a defense that it did not advance in either the original order or the order on the re-hearing. METC and consumers, the two interveners, also have not defended the grounds set forth by FERC in the omnibus re-hearing order. They also have hanged their hat on the notion that there's no jurisdiction. So this Court has been categorical that the agency has to ride or fall on the specific grounds that it set forth in the order on the re-hearing. And in this case, FERC has abandoned those arguments, has made no effort to defend them whatsoever. Again, a defense that it did not advance in either the original order or the order on the re-hearing. Oh, we should not consider this issue in our order on re-hearing because it should have been raised in an earlier order. This Court rejected that notion, saying that no, that FERC cannot raise for the first time on appeal a jurisdictional challenge. Jurisdictional challenge to its own jurisdiction, but not a jurisdictional challenge to our jurisdiction. It can't be that FERC can waive our jurisdiction. Right, but the jurisdictional predicate, Your Honor, is that the issue be presented to the agency on re-hearing. Right. Which is exactly what occurred here with respect to both the enforceability issue and the anti-Semite provision. It has to be on re-hearing and it has to be within the time set by the statute. Correct. Which occurred in, there's no challenge as far as timeliness with respect to the... Well, the argument that it's a collateral attack is an argument that time ran on the time in which you had to appeal to this Court or seek a re-hearing below and then appeal to this Court. Only with respect to the argument on order number 2003, Your Honor. They've raised two distinct, or actually three distinct jurisdictional challenges. As far as order number 2003, the argument is that that issue should have presented as a petition for re-hearing of the facilities agreement order. With respect to the enforceability, again, the agency's position is that it was presented properly in response to Metcie's petition for clarification and or re-hearing of the facilities agreement order. FERC then considered that on re-hearing after FERC clarified or modified its earlier order to say that indeed the facilities agreement and agency agreement were enforceable prior to their effective date. Then we saw re-hearing in this petition and FERC addressed that in re-hearing on the elements of re-hearing. That's an enforceability question. That's the enforceability question. Can I ask you, on the enforceability question, what is it that you think the consequences of this should be? If it was unenforceable, does that mean you get reimbursement for everything you paid between 1988 and 2004? That is not the relief sought here. But why not? You would be entitled to it, is that right, under your theory? Arguably, you can make a distinction. That could be one consequence. But arguably, you could say that if the consumer consciously, willfully paid, then the remedy should be the time down your refund. But that's a different proposition where a customer is object to paying. And FERC is claiming it has the ability, the power to compel the customer to pay. So from 2004 to 2010, when you didn't pay, right? That's correct. You don't think you owed anything at all. You should have free service for that period? Yes. And that's exactly the same result that this Court reached in San Diego Gas and Electric. It's almost exactly on point, Your Honor. Is that the case in which no invoices were sent during the period? No. That's the Excel case, Your Honor. I see. San Diego Gas and Electric was a case in which an agreement was filed after service had commenced. FERC declined to give a waiver. The customer complained that the consequence of FERC declining to give a waiver was that it would be out of pocket $3.3 million. This Court said, well, that may seem somewhat punitive, but we're not going to hold that FERC abused its discretion in declining to give a waiver. But we didn't hold on what the consequences would be. No, but the consequences were addressed. That was the consequence discussed in the case yesterday. It's exactly on point with this case. And, indeed, FERC's argument, if I could turn to the enforceability issue, is that somehow, well, first of all, I should point out that the statute does not hold, and certainly neither FERC nor METC have argued that there's any language in the Federal Power Act which gives the agency the right to declare that a contract which is not yet in effect is nevertheless enforceable. Neither METC nor FERC have pointed to any regulations issued by FERC which supports their argument that something that's not yet in effect is nevertheless enforceable. METC and, to a lesser extent, FERC, instead, rely on some older cases from this Court that stand for the proposition that the contract grants have to take effect. It's notable that FERC did not rely on these cases in the earlier orders, but perhaps, more importantly, there may be a reason for that, which is those older cases have essentially been lost any vitality in the wake of later cases from both this Court and the Supreme Court. The predicate for the earlier cases was the notion that the Mobile Sierra Doctrine, the older Supreme Court cases, somehow require to enforce contracts even if they're not on file with the agency. But more recently, that proposition has been rejected. In San Diego Gas and Electric, the petitioners there argued that if you don't hold it for abuse of discretion and refusing to give a waiver, then you're going to violate the Mobile Sierra Doctrine. Was the prior notice case unlawful then? I'm sorry? Was the FERC's decision in prior notice unlawful? Because there it allowed having, if it thought that the rates were just and reasonable, all it required back was the refund of the time value, right? That's correct. But it did not address the issue of whether FERC could compel a customer which had not paid to do so. The whole predicate of a time value refund is that the customer has indeed paid. If there's been no payment by the customer, there's nothing to pay because it's based on the interest assessed on the actual payments by the customer. But I'm still stuck on the idea of why that shouldn't compel for a customer who has paid a refund of the entire amount if it's true that it's in effect, if it's true that there was no effect. If the rates from the beginning were not valid because they weren't filed, why shouldn't the remedy in every case be if you've paid to give you all the time value? One can make argument that is the appropriate remedy, but that's not the relief we're seeking here, Your Honor. I know, but doesn't that imply that something about the original agreement is effective? Not at all. And I guess to answer your question about if that's indeed the holding of prior notice, is it valid? And the answer is no. Congress set forth a specific process for a contract to be enforceable before its effective date. And that's they gave the agency waiver authority. The Federal Power Act says that the agency has a right to waive the 60-day notice requirement. In this case, there was no waiver given. FERC apparently regrets the fact there's no waiver, and now wants to argue that the waiver is irrelevant, that the contract is nevertheless enforceable prior to the effective date that the agency selected. They don't have the statutory authority, Your Honor, with all due respect to do that. Are there further questions from the back? Okay, thank you. May it please the Court, Karen Larson for the respondent of the Federal Energy Regulatory Commission. Chief Judge Garland is correct that the practical consequence of Midland's position is that the invalidation would result in the invalidation of the entirety of the facilities agreement for the period prior to the filing. And what do you say to their argument that San Diego Gas allows that? San Diego Gas is distinguishable. San Diego was a waiver case. The Court was examining whether FERC correctly denied waiver in that case. And the consequence in that case of the denial of waiver was such that San Diego was stuck with only an effective date that FERC gave was the direct result of the contract that the utility San Diego had entered into. The terms of that contract provided that the effective date, essentially provided that the effective date was the FERC effective date. The language of the contract in that case limited the result in that case. So that San Diego has no bearing on the case at hand here. Can I ask why, on the jurisdictional point, FERC argues that Midland can't challenge the reasonableness of the facilities agreement rates and can't challenge the validity of the agency agreement, but you don't seem to really address the question of whether they can challenge the enforceability of the facilities agreement. The intervener says that they can't. What is FERC's position on whether they can challenge the enforceability of the facilities agreement? On that issue, FERC chosen as brief to focus on the merits of the issue. Okay. I assume I don't give you a choice because we don't have a choice. There is definitely a question of whether there is jurisdiction, as the interveners pointed out, for them to even challenge at this point the issue of the enforceability. In the facilities agreement order, FERC, which is the unchallenged order, FERC clearly imposed its remedy for violations of 205. And that remedy is the time value refund remedy. And a natural predicate of that remedy is that the contract for the period prior to the filing is valid enforceable. Just for clarification, make sure I understand what you're saying. Even though FERC did not raise the issue with respect to the jurisdiction question with respect to the particular issue, neither did FERC concede it. We wouldn't be bound anyway, but that is what you're saying, right? That's correct. Okay, thank you. You're welcome. As to the enforceability, FERC's determination that a contract prior to it being filed with FERC is still a valid enforceable contract is a conclusion that is consistent with court precedent in Borough of Lansdale and Campagna de Gas, where this court has held that the regulatory force of a contract arises before and survives in the absence of the filing of the contract. Millett's position here is the same position that the court rejected in Borough of Lansdale, the idea that a contract has no binding force on the parties until filed and accepted by FERC. With respect to FERC's discretion under Section 205 of the Federal Power Act, the Section 205 of the Federal Power Act gives FERC broad discretion with respect to the notice and filing requirements, the statutory notice and filing requirements. Specifically, looking to the language of Section 205D, the restrictive preface of the notice requirement provides that unless the commission otherwise orders, that's one grant of discretion. Under Section 205C, the language of the statute provides that under such rules and regulation as the commission may prescribe, every public utility shall file with the commission within such time and in such form as the commission may designate. The Ninth Circuit and Montana Consumer Council found that this language in Section 205 provides overall flexibility for FERC to make exceptions to its filing and notice requirements. Can I ask you to interrupt for a minute? Opposing counsel said something. I'm not sure I'm getting it. I'm going to try to paraphrase it, that FERC did not complain that the various petitions for a rehearing weren't made at the right time and in the right place. I thought FERC's position was that they weren't made at the right time and in the right docket, and that FERC had said that below. Was that wrong or right? That's correct. FERC, in its orders below, with respect to their challenges to the actual rates that they're being charged, FERC found that they belatedly raised them in the wrong proceeding, that they were trying to raise those rate arguments in the agency agreement proceeding, and that was incorrect because FERC had made the determination regarding the justice and reasonableness of the rates in the facility order, facilities agreement order in that separate proceeding, and that's the order that Midland did not seek rehearing of. Does that answer your question? Yes, and what about the claims opposing the agency agreement? Again, it's puzzling, but in the agency agreement proceeding, Midland did not challenge the validity of the agency agreement in that proceeding. It did not, on its request for rehearing of the agency order, in the agency order the commission accepted the agency agreement. On their request for a hearing of that order, they did not raise that issue. All there is in their request for a hearing of the agency agreement order is a footnote in the background section that is just insufficient to meet the statutory prerequisites to have jurisdiction here to raise that issue here at court. The footnote is at JA 521, and all it says, again it's in the background section, it says Midland's discussion of the agency agreement should not be construed as acceptance of its terms. As noted in earlier submissions, as submissions presumably in other dockets, the agency agreement was executed without Midland's consent and in violation of a non-assignment provision of the facilities agreement, but that's not even framing an argument or even trying to incorporate that argument by reference, which is prohibited anyways. So they do not have under Federal Power Act Section 313 jurisdiction to now assert that objection here at the court. And Petitioner, also a question here, the vitality, ongoing vitality of the older cases that FERC cited. Presumably he's referring to Borough of Lansdale, Campagna de Gas, even Borough of Elwood City. I would say that those cases are ongoing and strong precedent that firmly have established that contracts are binding, notwithstanding their violations of Section 205 of the Federal Power Act. And with respect to even the Mobile Sierra Club, the Supreme Court rather recently in Morgan Stanley has, again, enunciated the importance of the Mobile Sierra Doctrine and the importance of contracts in the regulatory schema under the Federal Power Act.  No. I'll let my intervenors have a chance. Okay. Thank you. Thank you, Your Honor. My name is John R. Staffier, and I'm here this morning on behalf of the intervenors, Michigan Electric. Can you address the jurisdictional question that you addressed in your brief? Yes, I will. There are three jurisdictional questions. The one that you addressed. The one that we raised is this. The question that MCV is trying to appeal here is the issue of whether or not contracts can be viewed as valid and enforceable prior to their filing with the Commission. It's our opinion that certainly they can on the merits, but we believe that that issue was decided effectively in the September 17th that MCV was a party to, in case they were a party to, but which they chose not to seek rehearing of and didn't pursue their claim about pre-filing invalidity. In that proceeding, we think they should have. I think we addressed that in our brief. The argument is very clear. The fact is that under the Borough of Lansdale line of cases, which counsel just referred to, and under the prior notice policy, contracts that are filed late are presumed to be valid prior to their filing. What about the distinction between prior notice was a case where money had been paid and this is a case where it hasn't been paid? Well, Your Honor, what that boils down to is the question that it's sort of the assertion that if a contract is not filed, then the party to the contract who was not obligated to file it has the right in and of itself just the sole right to say whether it's going to comply with the contract or not. And FERC has never suggested that the position of the counterparty in a late-filed contract should have any bearing on that question. And I don't think it's a valid distinction. And that's so for a couple of reasons. First of all, remember, when you're dealing with the prior notice order, you're dealing with a situation where you have a signed valid contract between two parties freely entered into, not talking about fraud, not talking about anything like that. So you have that, number one. And number two, you have rates that are just and reasonable rates. Well, what possible valid reason would there be for one party to all of a sudden say, oh, you gave me a chance to say do I want to pay or not pay? I think I'll choose to not pay. That's not fair. That's not a reasonable basis for doing anything. And for FERC to give a party that right to simply walk away and make the validity of the contract dependent on whether he chooses to walk away and be a bad actor or chooses to live up to his obligations doesn't make any sense. Also, if you go with that approach and say whether or not the party wants to pay under a valid contract that's just and reasonable, whether that's the controlling factor, then basically you're saying that parties are modifying the statute by their own conduct. In other words, it would be illegal under the statute to require a party to pay  even though the contract's just and reasonable and was freely entered into. But if the party agrees that he wants to pay, then it's valid. Well, then you're saying that the statute applies differently. Well, it depends on whether it's been filed. Well, yeah, but in either case, the contract hasn't been filed. And under the prior notice order, I think what Mr. Coffey is saying is that under the prior notice order, the contract is valid so long as the counterparty agrees that it's willing to recognize it as valid. But if the counterparty, like Mr. Coffey's client, Well, you could solve the problem by filing the contract. I have no question about it, yes. And, you know, if we could go back in time, that's what we do. But the problem here is that that didn't happen. And the commission is confronted with this all the time. I think really the state of the law and the merits is that under Lansdale, as they explain, because of the privacy of private contracts under the Federal Power Act, I don't think the commission really would have the authority to issue a blanket rule that says contracts that are validly entered into and are otherwise just and reasonable are invalid and unenforceable because they weren't filed. I don't think they could say that. I think we have that argument. I want to make one more point. The Lansdale court didn't say that ends it. It didn't say your home's got free. It left the commission open to provide a remedy if a party fails to file a contract. And that's what the commission has done in the prior notice order. Okay. Are there questions from the bench? No. No. Okay. We have the argument. Thank you. Thank you. Is there any time left? We'll give you two minutes. Thank you, Your Honor. First, Your Honor, I just wanted to make a very quick point here. You both questioned the counsel for the agency about the agency's position on jurisdiction. I just would like to refer the court to page 4 of their brief where they said, quote, No, I agree. That's why I asked the question. I was giving them a chance to change their mind about jurisdiction since the question of raising jurisdiction with us is not one that anybody can waive. That's all. Our position would be that the issue was raised for the first time or addressed for the first time by the agency in its clarification order and then addressed in a re-hearing in the omnibus re-hearing order and, therefore, could be properly preserved. But I'd also like to turn back to the anti-assignment provision because there seems to be an assumption that FERC addressed that or should have addressed it in its agency agreement order. But if you look at footnote 11 of that order, it says, quote, Our acceptance of the agency agreement is not a determination that Michigan Intellectual Property has rights enforceable against Midland to collect and retain payments that Midland is obligated to make under the facilities agreement. That question is probably part of the docket number EL11-2 proceedings. And, indeed, it was in the EL11-2 proceedings that FERC did address the anti-assignment provision. It's inappropriate for the agency at this point to say, oh, you shouldn't have believed our footnote.  When FERC got around to addressing the issue in the docket in which they said they would address it, the re-hearing was timely sought, and the issue was then addressed anew in their omnibus re-hearing order. Come back to that footnote you were just talking about. Do you have a JA reference to that? It's JA-4, Your Honor. JA-4. Okay, thank you. I see my time is up. Thank you, Your Honor. We'll give Judge Santel a chance to find it if he wants to. No, that's fine. Thank you. Okay, thank you. We'll take the matter under submission.
judges: Garland, Tatel, Sentelle